IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JIN MIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:25-CV-01668 |
| | ) | |
| LIFE TIME FITNESS, INC., | ) | Judge Robert Gettleman |
| a Minnesota Corporation, | ) | |
| | ) | Magistrate Judge Daniel McLaughlin |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT/MOVANT'S LOCAL RULE
56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Plaintiff, Jin Min (hereafter, "Plaintiff"), became a member of Life Time at a fitness center operated by LTF located at 1220 Lakeview Drive, Romeoville, Illinois (the "Club"), on December 2, 2021, when she signed a Member Usage Agreement ("MUA"). The MUA is attached hereto as **Exhibit A**. See Affidavit of Brad Idelkope, **Exhibit C**.

    **Response: Admitted.**

2. On February 18, 2025, Plaintiff filed her Complaint at Law against LTF alleging negligence claims. (ECF No. 1) Plaintiff's Complaint at Law is attached hereto as **Exhibit B**.

    **Response: Denied to the extent that Paragraph 2 misstates what the Complaint actually alleges.** (*See* **Complaint, ECF Docs. 1 and 21-2, p. 2, attached to Defendant's statement of facts ("SOF"), for the accurate content of the Complaint). Specifically, Paragraph 2 is denied to the extent that it implies multiple "negligence claims" are alleged in the Complaint. The Complaint contains one count alleging negligence.** *See id.*

3. Plaintiff Complaint alleges that on March 26, 2023, she injured herself when she tripped on blow dryer electrical cords hanging from the vanity county[sic] in the women's locker room of the Club. **Ex. B** at ¶ 11.

1

      **Response: Admitted to the extent that Paragraph 3 correctly states the Complaint alleges Plaintiff sustained injury on March 26, 2023, when she tripped on blow dryer electrical cords hanging under a vanity counter in the women's locker room at the subject premises.**

      **Paragraph 3 is denied to the extent that it states the Complaint alleges Plaintiff "injured herself."** (*See* **Complaint, ECF Docs. 1 and 21-2, p. 3, attached to Defendant's SOF, for the accurate content of the Complaint).**

4.     Defendant LTF answered Plaintiff's Complaint on April 18, 2025, and included in its Answer and Affirmative Defenses a Counterclaim for Breach of Contract against Plaintiff, pursuant to the terms of the MUA. See Defendant LTF's Answer, Affirmative Defenses, and Counterclaim, attached hereto as **Exhibit D**.

      **Response: Admitted that the document attached as Exhibit D to Defendant's SOF is a true and correct copy of Defendant's Answer and Affirmative Defenses, and that such document contains a Counterclaim for Breach of Contract. Denied to the extent that Paragraph 4 states the Counterclaim is "pursuant to the terms of the MUA," which is a legal conclusion, not a statement of fact, and therefore should not be considered under Local Rule 56.1.**

                                                        Respectfully submitted,

                                   By:    /s/ *Kent M. Lucaccioni*
                                                  Kent M. Lucaccioni

Kent M. Lucaccioni, Ltd.
20 South Clark Street, Suite 1700
Chicago, IL 60603
T: (312) 425-0401
Email: TEAM@kmlltdlaw.com
ARDC No.: 6197689