**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JIN MIN,      )
     )
    Plaintiff,      )
     )
    v.      )    Cause No. 1:25-CV-01668
     )
LIFE TIME FITNESS, INC.,      )    Judge Robert Gettleman
a Minnesota Corporation,      )
     )    Magistrate Judge Daniel McLaughlin
    Defendant.      )

**THE PARTIES AGREED MOTION FOR EXTENSION OF TIME
TO COMPLETE FACT DISCOVERY**

NOW COMES the Plaintiff, JIN MIN, and respectfully submits the foregoing Motion for

Extension of Time to Complete Oral Fact Discovery. t to FRCP 16(b)(4). In support thereof, Plaintiff

states as follows:

1.     As the parties reported on May 13, 2026, in their Fifth Joint Status Report (Dkt. 50),

the deposition of Defendant's employee Thomas Thacker proceeded on April 23, 2026. During the

deposition of Thomas Thacker, counsel for Plaintiff questioned the witness regarding the identity

of the Operations Team Member who investigated the subject occurrence. This individual(s) was not

identified in Defendants written discovery responses. Witness Thomas Thacker could not identify the

specific individual. The identity of this individual has yet to be determined or disclosed and produced for

deposition.

2.     Further, in the Fifth Joint Status Report (Dkt.50) the parties reported that Counsel for the

plaintiff has requested the depositions of the Life Time, Inc., Facility Engineer at the time of the

subject occurrence Carl Elmer and, the identity and deposition of the General Manager at the time

of the subject occurrence – possibly a Jason Fox.

3.      Further, as the parties reported in their Fifth Joint Status Report (Dkt.50), Counsel for plaintiff has requested the depositions of the Life Time, Inc., Facility Engineer at the time of the subject occurrence Carl Elmer and, the identity and deposition of the General Manager at the time of the subject occurrence – possibly a Jason Fox.

4.      To date, these individuals have not been identified and their deposition have not proceeded. Further, the deposition of Carl Elmer has not proceeded.

5.      Pursuant to Fed. R. Civ. P. 27 and L.R. 37.2, counsel for Plaintiff certifies in good faith that on May 27, 2026, that he had a conference call with counsel for Defendant and discussed the issues raised in this motion. Counsel for defendant did not object to identifying and producing these individuals for depositions but required additional time to determine their identities and schedule their depositions.

6.      As was also stated in the Parties Fifth Joint Status Report (Dkt.50), counsel for plaintiff anticipated the need for an Extension of Time to complete these depositions.

7.      The parties respectfully requests that oral fact discovery is extended to July 31, 2026 to allow Defendant to identify the Operations Team Member(s) who investigated the subject occurrence; identify the General Manager at the time of the subject occurrence and Defendant to produce for deposition by July 31, 2026 - the Operations Team Member(s) who investigated the subject occurrence; Carl Elmer, the facility engineer; and the General Manager at the time of the subject occurrence – possibly Jason Fox and/or a current General Manager familiar with the policies, procedures and subject matter requested.

WHEREFORE, the parties requests the above relief and award any further relief it deems appropriate.

Respectfully submitted this 29th day of May, 2026.

/s/ *Kent M. Lucaccioni*
Kent M. Lucaccioni, Ltd.
20 South Clark Street, Suite 1700
Chicago, Illinois 60603
T: (312) 425-0401
Email: TEAM@KMLLTDLAW.COM
*Counsel for Plaintiff Jin Min*


/s/ Michael L. Hahn
Litchfield Cavo LLP
303 West Madison Street, Suite 300
Chicago, IL 60606
(312) 781-6569
Fax: (312) 781-6630
Email:hahn@litchfieldcavo.com
*Counsel for Defendant, Life Time, Inc.*
*(f/k/a Life Time Fitness, Inc.)*

3