**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JIN MIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:25-CV-01668 |
| | ) | |
| LIFE TIME FITNESS, INC., | ) | Judge Robert Gettleman |
| a Minnesota Corporation, | ) | |
| | ) | Magistrate Judge Daniel McLaughlin |
| Defendant. | ) | |

**DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT AND**
**TO REVISE THE COURT'S OCTOBER 16, 2025 ORDER**

Defendant, Life Time, Inc. (f/k/a Life Time Fitness, Inc.) (hereafter, "LTF" or "Defendant"), by and through its attorneys Litchfield Cavo LLP, and pursuant to Rules 54(b) and 56 of the Federal Rules Of Civil Procedure, respectfully moves this Court to revise its October 16, 2025, interlocutory order denying LTF's prior motion for summary judgment; enter summary judgment in LTF's favor on Plaintiff Jin Min's Complaint; and enter summary judgment in LTF's favor as to liability on its Counterclaim, with the amount of its contractual fees, costs, and expenses to be determined through further proceedings. In support, LTF states as follows:

1. Plaintiff alleges that, on March 26, 2023, she sustained injuries when she tripped over an electrical cord in the women's locker room at the fitness facility located at 1220 Lakeview Drive in Romeoville, Illinois.

2. LTF previously moved for summary judgment on the ground that Plaintiff's negligence claim is barred by the assumption-of-risk and waiver-of-liability provisions contained in the Member Usage Agreement ("MUA") she signed when she became a member on December 2, 2021. (ECF Nos. 19–21.)

3. On October 16, 2025, the Court denied LTF's motion, concluding that the record then before it presented a genuine factual dispute concerning whether Plaintiff objectively assented to the MUA. (ECF No. 38.)

4. Discovery is now complete, and the expanded evidentiary record, including Plaintiff's subsequent deposition testimony and the affidavit of Doreen Holic, materially supplements the evidence concerning the membership transaction. The evidence establishes, among other things, that:

a. she went to the Romeoville facility specifically to join or rejoin Life Time;

b. she understood that the meeting concerned obtaining a Life Time membership;

c. she understood that the requested electronic signature related to that membership transaction;

d. she knew she was required to sign in order to receive a membership card and obtain access to the facility;

e. the signatures appearing on the relevant membership documents are hers;

f. she did not pay close attention to the documents because she had previously been an LTF member for many years; and

g. Life Time's standard electronic membership enrollment procedures in December 2021 included presenting prospective members with the applicable membership agreements, requiring them to scroll to the signature portion of each agreement, and obtaining their physical signatures electronically, thereby providing an opportunity to review the agreements before signing.

5. Plaintiff's testimony establishes that she knowingly supplied her signature to complete the membership transaction and obtain the benefits of membership. Her present inability to recall the specific document displayed or the terms she signed does not defeat objective assent under Illinois law.

6. The completed discovery record, including Plaintiff's deposition testimony and additional evidence concerning Life Time's electronic membership enrollment procedures in

December 2021, therefore warrants revision of the Court's prior order pursuant to Rule 54(b) and entry of summary judgment pursuant to Rule 56.

7.

8. The MUA expressly applies to negligence claims arising from slips, trips, falls, loss of footing, unsafe premises conditions, and the alleged failure to warn of or remove hazardous conditions. Plaintiff's claim falls squarely within those provisions.

9. The factual and legal grounds supporting this Motion are set forth more fully in Defendant's *Local Rule 56.1 Statement of Undisputed Material Facts* and *Memorandum in Support of its Renewed Motion for Summary Judgment*, filed contemporaneously herewith and incorporated by reference.

10. LTF also seeks summary judgment as to Plaintiff's liability on its Counterclaim, with the amount of recoverable contractual fees, costs, and expenses to be determined through further proceedings.

WHEREFORE, Defendant, Life Time, Inc. (f/k/a Life Time Fitness, Inc.), respectfully requests that this Court:

A. revise its October 16, 2025 interlocutory order denying Life Time's prior motion for summary judgment;

B. enter summary judgment in favor of Life Time and against Plaintiff on Plaintiff's Complaint and dismiss the Complaint with prejudice;

C. enter summary judgment in favor of Life Time as to liability on its Counterclaim, with the amount of Life Time's recoverable fees, costs, and expenses to be determined through further proceedings; and

D. grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
**Life Time, Inc. (f/k/a Life Time Fitness, Inc.)**

*<u>/s/ Zachary G. Stillman</u>*

Zachary G. Stillman

Michael L. Hahn
Zachary G. Stillman
**Litchfield Cavo LLP**
303 W. Madison Street, Suite 300
Chicago, IL 60606
312-781-6569 (Hahn)
312-781-6672 (Stillman)
Fax: 312-781-6630
Hahn@LitchfieldCavo.com
Stillman@LitchfieldCavo.com