# Exhibit B

*Jin Min v. Life Time Fitness, Inc.*
25-CV-01668
Exhibits to Defendant's Statement of Material Facts In Support of its Renewed Motion for Summary Judgment and Motion to Revise the Court's October 16, 2025 Interlocutory Order

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JIN MIN,

Plaintiff,

v. Cause No. 25-cv-01668

LIFE TIME FITNESS, INC., a Minnesota Corporation,

Defendant.

**DEFENDANT LIFE TIME, INC.'S ANSWER. AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES, Defendant, Life Time, Inc., ("Life Time") incorrectly designated under its former name, Life Time Fitness, Inc., by and through their attorneys, LITCHFIELD CAVO LLP, and for its Answer and Counterclaim to Plaintiff Complaint, hereby states as follows:

**ANSWER**

1. Plaintiff JIN MIN (hereinafter "JIN") is a citizen of the United States of America and resident of the State of Illinois.

**ANSWER**: **Life Time lacks information sufficient to admit or deny the allegations set forth in this paragraph.**

2. Defendant LIFE TIME FITNESS, INC. (hereinafter "LIFETIME") is a Minnesota corporation with its principal place of business in the State of Minnesota and is therefore a citizen of the State of Minnesota.

**ANSWER**: **Life Time admits that it was formerly known as "Life Time Fitness, Inc." and the balance of the allegations set forth in this paragraph.**

3. Defendant LIFETIME was a Minnesota Corporation which does and did business in its own capacity and/or through health club and spa affiliates in the State of Illinois.

**ANSWER**: **Life Time admits that it does business in Illinois and that certain of its affiliates do business in Illinois and denies the balance of the allegations set forth in this paragraph.**

4. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a)(1) in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**ANSWER**: **Admitted.**

5. Venue is appropriate in this District in that the subject occurrence complained of took place within the Northern District of Illinois.

**ANSWER**: **Admitted.**

6. On and prior to March 26, 2023, Defendant LIFETIME was a Minnesota Corporation which does and did business in its own capacity and/or through health club and spa affiliates in the State of Illinois.

**ANSWER**: **Life Time admits that it is a Minnesota corporation and "does and did" business in Illinois and that certain of its affiliates do business in Illinois and denies the balance of the allegations set forth in this paragraph.**

7. On and prior to March 26, 2023, Defendant LIFETIME owned the health club and health club and locker rooms located at 1220 Lakeview Drive in Romeoville, Illinois.

**ANSWER**: **Denied.**

8. On and prior to March 26, 2023, Defendant LIFETIME controlled the health club and locker rooms located at located at 1220 Lakeview Drive in Romeoville, Illinois

**ANSWER**: **Denied.**

9. On and prior to March 26, 2023, Defendant LIFETIME managed the health club and locker rooms located at located at 1220 Lakeview Drive in Romeoville, Illinois.

**ANSWER**: **Denied.**

10. On and prior to March 26, 2023, Defendant LIFETIME maintained the health club and locker rooms located at 1220 Lakeview Drive in Romeoville, Illinois.

**ANSWER**: **Denied.**

11. On March 26, 2023 in the early evening, Lin was using the women's locker room in a reasonably foreseeable manner when she suddenly fell due to blow drier electrical cords hanging under the vanity counter top on or near the floor which tangled with her feet.

**ANSWER**: **Life Time lacks information sufficient to admit or deny the allegations set forth in this paragraph.**

12. At all times relevant hereto, Defendant LIFETIME as an the owner and/or occupier of the property in question, and had a duty to exercise ordinary care to see that the property was reasonably safe for the use of those lawfully on the property.

**ANSWER**: **Denied.**

13. At all times relevant hereto, Defendant LIFETIME knew, or reasonably should have known, by and through its agents and employees that there was a condition on the property which presented an unreasonable risk of harm to people on the property.

**ANSWER**: **Denied.**

14. At all times relevant hereto, Defendant LIFETIME knew or in the exercise of ordinary care should have known by and through its agents and employees of both the condition and the risk.

**ANSWER**: **Denied.**

15. At all times relevant hereto, Defendant LIFETIME by and through its agents and employees could reasonably expect that people on the property would not discover or realize the danger and/or dangerous condition of the blow drier electrical cords hanging under the vanity counter top on or near the floor which tangled with her feet

**ANSWER**: **Denied.**

16. Notwithstanding the aforementioned duty, on March 26, 2023, and prior thereto, the Defendant LIFETIME, by and through its agents and employees, was careless and negligent in one or more of the following respects:

a. Permitted hair dryer cords under the vanity counter top to hang down into the area where members of the health club would walk to enter and leave the locker room;

b. Failed to properly secure the hair dryer cords to prevent the cords from hanging down under the vanity counter top in an area where members were known to walk to enter and exit the locker room;

c. Actively created a dangerous condition when it permitted hair dryer cords to hang down into the area where members of the health club would walk to enter and leave the locker room;

d. Failed to take appropriate action to eliminate the dangerous condition when it had actual knowledge of prior similar occurrences.

**ANSWER**: **Denied.**

17. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendant LIFETIME, the Plaintiff JIN sustained injuries of a personal and pecuniary nature, incurred medical expenses, sustained wage loss, and has experienced and continues to experience pain, suffering, disfigurement and loss of a normal life.

**ANSWER**: **Denied.**

**AFFIRMATIVE DEFENSES**

Defendants, for their affirmative defenses to the Complaint, without prejudice to their foregoing answers and denials, and in the alternative, state as follows:

**First Affirmative Defense – Contributory Negligence**

1. On and prior to March 26, 2023, Plaintiff had the legal duty to exercise due care and regard for her own safety and protection.

2. Notwithstanding this duty under the circumstances, at and prior to the time and place alleged in Plaintiff's Complaint, Plaintiff failed to exercise due care, and was guilty of negligence which caused or contributed to her alleged injuries when she carelessly and negligently:

a. failed to exercise reasonable care;

b. failed to keep a proper lookout for her own safety;

c. failed to exercise proper caution so as to avoid potential hazards;

d. failed to observe open and obvious hazards; and/or

e. knew or in the exercise of ordinary care, should have known of the alleged dangerous condition and failed to take proper precautions necessary to prevent injury to herself.

3. Plaintiff was otherwise careless and negligent at and prior to the time and place of the occurrence alleged in the Complaint.

4. The injuries and losses alleged to have been sustained by Plaintiff were, in fact, caused in whole or in part by the negligent conduct of Plaintiff herself.

5. Such conduct of Plaintiff should be compared to the alleged negligent conduct of Defendant, for the purpose of determining what, if any, percentage of liability or fault should be allocated to Defendant, in comparison to that conduct of Plaintiff.

6. If a verdict or judgment for damages is rendered against Defendant in this cause, it is entitled to a reduction in the amount of such damages in an amount equal to the percentage by which Plaintiff's own negligence or fault contributed to Plaintiff's injuries or damages.

**Second Affirmative Defense – Negligence Greater than 50%**

1-4. Defendant re-alleges and incorporates by reference paragraphs 1 through 4 of its First Affirmative Defense as if fully set forth herein.

5. The negligence or fault of Plaintiff was more than fifty percent of the total fault contributing to proximately cause the occurrence alleged in Plaintiff's Complaint and of any injury or loss to Plaintiff allegedly resulting therefrom.

6. Plaintiff should therefore be denied recovery pursuant to 735 ILCS 5/2-1116.

**<u>Third Affirmative Defense – Sole Proximate Cause</u>**

1-4. Defendant re-alleges and incorporates by reference paragraphs 1 through 4 of its First Affirmative Defense as if fully set forth herein.

5 The negligence or fault of Plaintiff was the sole proximate cause of the occurrence alleged in Plaintiff's Complaint and of any injury or loss to Plaintiff allegedly resulting therefrom.

6. Plaintiff should therefore be denied recovery against Defendant.

WHEREFORE, Defendant, LIFE TIME, INC., denies that Plaintiff is entitled to judgment against it in any amount, and prays that, based upon the foregoing, Plaintiff's claims against it be dismissed with prejudice.

**COUNTERCLAIM FOR BREACH OF CONTRACT**

1. On December 2, 2021 Plaintiff entered into a Member Usage Agreement (the MUA") with LTF Club Operations Company, Inc. **Exhibit 1.**

2. The MUA provides, in part, as follows:

> **<u>PLEASE READ THIS AGREEMENT CAREFULLY AS IT AFFECTS YOUR LEGAL RIGHTS. THIS AGREEMENT CONTAINS AN ASSUMPTION OF RISK, WAIVER OF LIABILITY, AND A BINDING ARBITRATION AGREEMENT WITH A CLASS ACTION WAIVER.</u>**
>
> **1.** **<u>MEMBERSHIP WITH LIFE TIME.</u>** I wish to become a member of Life Time Fitness, which is operated by LTF Club Operations Company, Inc. in the United States and it's subsidiary - or LTF Club Operations Company Canada Inc. in Canada. These companies and Life Time, Inc., their direct and indirect subsidiaries and affiliates, and all of their employees, contractors, officers, directors, agents, representatives, sponsors, volunteers and any other entity or person acting for them, and all of their successors and assigns are collectively referred to and covered by

this Member Usage Agreement ("MUA") as "Life Time." In consideration of the benefits of Life Time membership, including but not limited to the Use of Life Time Premises and Services by me…I hereby agree to all of the terms and conditions in this MUA with Life Time, including without limitation the **ASSUMPTION OF RISK, WAIVER OF LIABILITY, and ARBITRATION AGREEMENT WITH CLASS ACTION WAIVER** below.

*****

**2.** <u>**ASSUMPTION OF RISK**</u>. I understand that there are **dangers, hazards, and risks of injury or damage, some of which are inherent, in the use of Life Time's premises, facilities, equipment, services, activities or products**, whether available through membership dues or a separate fee.

**a.** **Use of Premises and Services**. I understand that **use of Life Time's premises, facilities, equipment, services, activities or products** "Use of Life Time Premises and Services") can include but is not limited to (1) use of indoor…locker rooms, restrooms…

**b.** **Risks.** I understand that the **dangers, hazards, and risks** of injury or damage in the Use of Life Time Premises and Services ("Risks") may include but are not limited to **(1) slips, trips, collisions, falls, and loss of footing or balance**, …and (5) other accidents or incidents that may result in injury or damage to me, Minor Member(s), Other Member(s), or Guest(s).

*****

**c.** **Injuries.** I understand that such **injuries or damages** may include but are not limited to **major or minor personal, physical, bodily, emotional, mental, economic, property or other types of injuries or damages** ("Injuries") to me…including but not limited to (1)…torn or damaged muscles or ligaments, broken bones…sprains, bruises and scrapes; (3) aggravation of pre-existing injuries or medical conditions; (4) pain and suffering…(6) emotional distress, embarrassment, humiliation, or shock; (7) lost wages or lost earning capacity…and (9) any other disability, impairment, incapacity, injury or damage.

I understand that Risks and Injuries in the Use of Life Time Premises and Services (collectively, "Risks of Injury") **may be caused, in whole or in part, by the NEGLIGENCE OF LIFE TIME**, me, Minor Member(s), Other Member(s), Guest(s) and/or other persons. **I FULLY UNDERSTAND, AND VOLUNTARILY AND WILLINGLY ASSUME, THE RISKS OF INJURY.**

**3.** **WAIVER OF LIABILITY**. On behalf of myself …personal representatives, heirs and assigns, I hereby voluntarily and forever **release and discharge Life Time from**, covenant and **agree not to sue Life Time for**, and **waive, any claims**,

> demands, actions, causes of action, debts, damages, losses, costs, fees, expenses or any other alleged liabilities or obligations of any kind or nature, whether known or unknown (collectively, "Claims") **for any Injuries to me**…in the Use of Life Time Premises and Services **which arise out of, result from, or are caused by any NEGLIGENCE OF LIFE TIME**, me, any Minor Member(s), any Other Member(s), any Guest(s), and/or any other person…**(collectively, "Negligence Claims").**
>
> **a.** **Negligence Claims**. I understand that Negligence Claims include but are not limited to Life Time's (1) negligent design, construction (including renovation or alteration), repair, maintenance, operation, supervision, monitoring, or provision of Life Time Premises and Services; (2) negligent failure to warn of or remove a hazardous, unsafe, dangerous or defective condition; (3) negligent failure to provide or keep premises in a reasonably safe condition; (4) negligent provision of or failure to provide emergency care; (5) negligent hiring, selection, training, instruction, certification, supervision or retention of employees, independent contractors or volunteers…or (7) other negligent act(s) or omission(s).
>
> **b.** **Life Time's Fees and Costs.** I specifically agree that, if I…assert a Negligence Claim agianst Life Time and/or breach my agreement not to sue Life Time, **I will pay all reasonable fees (including attorneys' fees), costs and expenses incurred by Life Time ("Life Time's Fees and Costs") to defend (1) the Negligence Claim(s)** and (2) all other Claims based on the same facts as the Negligence Claims(s).

**Exhibit 1.** at §§1-3, ***emphasis in original***.

3. At the end of the Member Usage Agreement, immediately above the area where Plaintiff signed it, the agreement states:

> **I HAVE READ, UNDERSTOOD, RECEIVED A COPY OF, AND AGREE TO ALL TERMS AND CONDITIONS OF THIS MUA, INCLUDING SPECIFICALLY THE ASSUMPTION OF RISK, WAIVER OF LIABILITY, AND BINDING ARBITRATION AGREEMENT WITH A CLASS ACTION WAIVER UNDER WHICH I AM RELINQUISHING LEGAL RIGHTS.**

*Id.* at p. 5, ***emphasis in original***.

4. The MUA was in force and effect at the time of Plaintiff's alleged injury.

5. In breach of her agreement not to sue Life Time, Plaintiff brought the captioned lawsuit alleging negligence that falls within the definition of "Negligence Claims" as defined by the MUA.

6. Life Time has and will continue to incur fees, costs and expenses as defined by the MUA to defend Plaintiff's claims.

7. Pursuant to the terms of the MUA, Life Time is entitled to its fees, costs and expenses as defined by the MUA.

WHEREFORE, Defendant LIFE TIME, INC., prays for judgment in an amount equal to the fess, costs, and expenses incurred by it in defending this action.

Respectfully submitted,

By: /s/ *Michael L. Hahn*
Michael L. Hahn
LITCHFIELD CAVO, LLP

Michael L. Hahn
Stephen M. Cady
**LITCHFIELD CAVO LLP**
303 West Madison, Suite 300
Chicago, Illinois 60606
(312)781-6569/6557
(312)781-6630 facsimile
Hahn@LitchfieldCavo.com
Cady@LitchfieldCavo.com