# Exhibit C

*Jin Min v. Life Time Fitness, Inc.*
25-CV-01668
Exhibits to Defendant's Statement of Material Facts In Support of its Renewed Motion for Summary Judgment and Motion to Revise the Court's October 16, 2025 Interlocutory Order

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JIN MIN | ) | |
| | ) | |
| Plaintiff, | ) | No. 25 C 1668 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| LIFE TIME FITNESS, INC. | ) | |
| a Minnesota Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff Jin Min brought a one-count complaint against defendant Life Time, Inc. (f/k/a Life Time Fitness, Inc., hereinafter "Life Time") alleging negligence. Life Time filed a counterclaim alleging breach of contract against plaintiff (Doc. 8). Life Time moves for summary judgment on both the negligence claim and the breach of contract counterclaim (Doc. 19). For the reasons below, defendant's motion for summary judgment is denied.

**BACKGROUND**

This is a case about a slip and fall accident at a Life Time fitness center in Romeoville, Illinois.[1] Plaintiff enquired about joining Life Time as a member on December 2, 2021. Responding to plaintiff's inquiry, an unidentified Life Time employee asked plaintiff to sign her name on an electronic pad, which she did. Defendant alleges that in signing her name on the pad, plaintiff was agreeing to a Member Usage Agreement ("MUA"). Before signing the pad,

[1] As the court must view the facts in the light most favorable to the nonmovant, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), the facts in this section are largely taken from plaintiff's additional statement of material facts.

plaintiff was not given an opportunity to review the MUA. The record contains no facts regarding what information appeared on the electronic pad that plaintiff signed, if any. The employee did not inform plaintiff of any of the terms or conditions of the MUA before or after plaintiff signed. Immediately after plaintiff signied the electronic pad, Life Time sent an email to plaintiff containing a digital signed copy of the MUA. Lifetime's records show that plaintiff opened that email the following day. A copy of the MUA was also available via an online member portal. Lifetime's records show that plaintiff accessed the member portal at least once, on December 8, 2021.

On March 26, 2023, plaintiff was walking in the women's locker room at the fitness center. The details of the incident at issue are sparse. Plaintiff allegedly tripped upon a blow dryer cord that was dangling under a vanity. Plaintiff was not using the blow dryer at the time of the incident. The parties agree that there was no issue with lighting at the time of the incident. While the nature of the injury is not specified, plaintiff alleges that she "sustained injuries of a personal and pecuniary nature, incurred medical expenses, sustained wage loss, and has experienced and continues to experience pain, suffering, disfigurement, and loss of a normal life."

## LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden, and the court must view all facts in the light most favorable to the nonmovant and draw all reasonable inferences in their favor. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). But the nonmovant must do more than

raise "some metaphysical doubt as to the material facts." Id. at 586. Rather, the nonmovant "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## DISCUSSION

Defendant's arguments for summary judgment all center around the MUA, a contract between plaintiff and defendant. According to defendant, the court should grant summary judgment on the negligence claim because of an exculpatory clause in the MUA, and the court should grant summary judgment on its breach of contract counterclaim because of a provision in the MUA that requires members to pay all reasonable litigation costs in the event that they assert a negligence claim against Life Time. But the court cannot reach those arguments because defendant has failed to establish the basic premise of its argument: that there was a contract between plaintiff and defendant.[2]

As a federal court sitting in diversity jurisdiction, the court must apply the state law of the district where it sits. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Thus, to determine whether a contract existed between plaintiff and defendant, the court must refer to Illinois contract law. In Illinois, the basic requirements of a contract are "an offer, an acceptance and consideration." Melena v. Anheuser-Busch, Inc., 847 N.E.2d 99, 109 (Ill. 2006). For a contract to be enforceable in Illinois, "there must also be mutual assent as to the contract's terms." Arbogast v. Chicago Cubs Baseball Club, LLC, 194 N.E.3d 534, 542 (Ill. App. 1st 2021). Illinois courts evaluate contract formation under an objective theory, meaning that the elements

[2] For this same reason, the court also does not reach the parties' arguments as to whether the MUA was procedurally or substantively unconscionable.

of formation, such as mutual assent, are evaluated by analyzing the parties' outward conduct rather than their subjectively held knowledge or beliefs. See Gupta v. Morgan Stanley Smith Barney, LLC, 934 F.3d 705, 712 (7th Cir. 2019) (collecting Illinois cases).

Whether parties have mutually assented to the terms of a contract is a question of fact. Arbogast, 194 N.E.3d at 542. Viewing all facts in the light most favorable to plaintiff, there is a genuine dispute as to whether there was mutual assent to the MUA. A signature is the most common way to show mutual assent. Arbogast, 194 N.E.3d at 543; Hedlund & Hanley, LLC v. Board of Trustees of Community College District No. 508, 876 N.E.2d 1 (Ill. App. 3d 2007). A party who signs an agreement is typically "charged with knowledge of and assent to the agreement signed." Melena, 847 N.E.2d at 108 (citing Black v. Wabash, St. Louis & Pacific Ry. Co., 111 Ill. 351, 358 (Ill. 1884). But, "[a] party needs notice of the terms of a contract to be bound by them." Wilda v. JLG Indus., Inc., 470 F. Supp. 3d 770, 799 (N.D. Ill. 2020). In the typical situation where a party signs a physical contract, the physical contract itself provides that notice. See Sgouros v. TransUnion Corp., 817 F.3d 1029, 1035 (7th Cir. 2016) (explaining that "a person using the Internet may not realize that she is agreeing to a contract at all, whereas a reasonable person signing a physical contract will rarely be unaware of that fact").

But this was not the typical contracting situation. The parties agree that there was no physical copy of the contract. According to plaintiff, she asked an employee to become a member of Life Time, and that employee asked her to sign her name on an electronic pad. Plaintiff was not provided with any information about the terms of the MUA or that she was signing an MUA at all at the time she signed her name on the pad. Nor was she was given an opportunity to review the MUA before signing the pad. According to defendant, the MUA was electronically sent to plaintiff after she signed. On those facts, plaintiff was not given reasonable

notice of the terms of the contract and thus cannot be bound by them. See generally Domer v. Menard, Inc., 116 F.4th 686, 695 (7th Cir. 2024) (explaining that to establish mutual assent in the online context, "the website [must] provide[] reasonably conspicuous notice of the terms to which the consumer will be bound"). Put differently, viewed from the lens of the objective theory of mutual assent, the "outward expressions such as words and acts" in this interaction did not reveal a mutual "intent to manifest assent" to the provisions of the MUA on which defendant's arguments rely. Sgouros, 817 F.3d at 1034 (citing Bank Computer Network Corp. v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago, 442 N.E.2d 586, 591 (Ill. App. 4th 1982)).

The additional facts that defendant offers fail to cure the factual uncertainty surrounding whether plaintiff was provided with the reasonable notice required for there to have been mutual assent to the MUA. Defendant states that its practice is to explain the terms of the MUA to new members and to provide an interpreter to prospective members who indicate they do not understand the membership process. Additionally, defendant describes the bold face type of provisions of the MUA. But defendant does not provide evidence to show that those practices were followed during plaintiff's sign-up process or that plaintiff ever had an opportunity to read the relevant bold-faced provisions. In fact, as discussed above, plaintiff offers evidence showing that these practices were not followed. Thus, there is a dispute of fact as to the notice that plaintiff was given at the time she signed the electronic pad.

Defendant has failed to carry its burden to show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is a genuine factual dispute as to whether plaintiff entered into the MUA. Because

defendant's legal arguments rely on the premise that plaintiff is bound by the MUA, defendant has not carried its burden to show that it is entitled to judgment as a matter of law.

## CONCLUSION

For the above reasons, defendant's motion for summary judgment is denied (Doc. 19). The parties are directed to file a status report using this court's form by 11/14/2025.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: October 15, 2025**



Exhibit C